UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONEL J.  BROUSSARD,

Plaintiff,

v.

ABM FACILITY, et al.,

Defendants.

CASE NO. 2:26-cv-00643-JNW

ORDER DENYING MOTION TO
APPOINT COUNSEL

This matter comes before the Court on pro se Plaintiff Ronel Broussard's Motion to Appoint Counsel. Dkt. No. 6. For the reasons stated below, the motion is DENIED with leave to renew.

Broussard alleges that he was terminated by his employer—either ABM Facility or SEIU6—in retaliation for filing a charge of discrimination and harassment with the Equal Employment Opportunity Commission ("EEOC"). Dkt. No. 5. Magistrate Judge Michelle L. Peterson found that because Broussard "does not appear to have funds available to afford" the court's filing fees, he may proceed in forma pauperis. Dkt. No. 4.

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

Broussard now moves for an order appointing counsel. Dkt. No. 6. He appears to have used the form provided by the Western District of Washington entitled "Application for Court-Appointed Counsel for Civil Rights Cases," which explicitly states that Broussard's action is "**not** . . . an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq." *Id.* (emphasis in original). To the contrary, Broussard's stated claim—retaliation—is a prohibited act under 42 U.S.C. § 2000e-3(a), a law that is part of Title VII. It appears that Broussard has used the incorrect form in seeking the appointment of counsel. Instead, he should fill out the application entitled "Application for Court-Appointed Counsel for Employment Discrimination Cases" available on the Court's website at https://www.wawd.uscourts.gov/court-forms.

Broussard should review the materials provided alongside the application on the Court's website, including the "cover letter" memorandum, *see Applying for Appointment of Counsel in Employment Discrimination Cases*, U.S. District Court for the Western District of Washington, https://www.wawd.uscourts.gov/sites/wawd/files/EmpDiscrimCvrLtr.pdf, and provide all of the information requested in the application. In the now-denied version, for example, Broussard did not complete the section entitled "Merits of Claim," which the Court needs in order to consider appointing counsel. Dkt. No. 6 at 2; *see Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (In determining whether counsel should be appointed, the Court must assess, among other things, "whether the plaintiff's claim has merit."). Defendant ABM

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

Facility has since appeared in this matter through attorneys of record, and so Broussard is expected to complete the Affidavit of Service section of the application.

Accordingly, the Court DENIES Broussard's motion with leave to renew using the appropriate application and as per the guidance given above.

Dated this 11th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3